**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SUSAN DURKIN LAUGELLE**, Individually and as Personal Representative of the Estate of Joseph Laugelle, Jr. Deceased, and **SUSAN DURKIN LAUGELLE**, as Next Friend of Anna Grace Laugelle, and Margaret Grace Laugelle, <br><br> Plaintiffs, <br><br> v. <br><br> **BELL HELICOPTER TEXTRON, INC.** and **BELL HELICOPTER TEXTRON CANADA LIMITED** and **TEXTRON, INC.** and **ROLLS ROYCE CORP.** and **ROLLS ROYCE NORTH AMERICA, INC**. and **HONEYWELL INTERNATIONAL INC**. and **HONEYWELL AEROSPACE** and **HONEYWELL AEROSPACE, ENGINES SYSTEMS & SERVICES** and **HONEYWELL ENGINE CONTROL SYSTEMS** and **THE BENDIX CORPORATION ALLIED SIGNAL INC.** and **EATON CORPORATION** and **EATON AEROSPCE FUEL SYSYTEMS AND AIR LOGISTICS, LLC** and **BRISTOW GROUP INC.** and **H-S TOOL & PARTS INC.** and **CADORATH AEROSPEACE** and **JOHN DOES 1-50 AND JOHN DOES 51-100,** <br><br> Defendants, <br><br> and, <br><br> **AIR LOGISTICS, LLC** and **BRISTOW GROUP INC.,** <br><br> Defendants/Third-Party Plaintiffs, <br><br> v. <br><br> **ROTORCRAFT LEASING COMPANY, LLC**, a Delaware limited liability company, <br><br> Third-Party Defendant. | C.A. No. 10-1080 (GMS) |

**THIRD-PARTY COMPLAINT**
**Parties**

1. The averments stated within Plaintiffs' *Complaint* and Defendant/Third-Party Plaintiffs The Bristow Group, Inc.'s and Air Logistics, LLC's responses thereto as stated within their *Answer to the Complaint* are realleged and incorporated herein by reference as if fully restated.

2. Defendant/Third-Party Plaintiff The Bristow Group, Inc. ("Bristow"), a corporation organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas, is a Defendant in the *Comlaint* filed in the above-captioned action by Plaintiff, Susan Durkin Laugelle.

3. Defendant/Third-Party Plaintiff Air Logistics, LLC ("Air Logistics"), formerly a foreign limited liability company organized under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana, is now owned by Bristow and operated under a Trade Name under the laws of the State of Louisiana, is a Defendant in *Complaint* filed in the above-captioned action by plaintiff, Susan Durkin Laugelle.

4. Bristow and Air Logistics have answered the *Complaint* of Plaintiff denying the allegations contained therein and asserting affirmative defenses, which defenses serve to bar or diminish any claim that plaintiff might have against Bristow and Air Logistics. Bristow and Air Logistics specifically adopt herein and re-urge all responses and affirmative defenses previously urged on its behalf.

5. Third-Party plaintiffs deny that they are responsible to Plaintiff for any damages that she may have sustained and incorporate herein the allegations and defenses contained in its Answer as if fully restated herein.

6. Third-Party Defendant Rotorcraft Leasing Company, LLC ("Rotorcraft"), is a limited liability company organized and existing under the laws of the State of Delaware, with its

principal place of business in Wilmington, Delaware, and may be served through its agent for service of process, Corporation Service Company, 2711 Centerville Road Suite 400, Wilmington, Delaware 19808.

## Jurisdiction

7.  This Court has jurisdiction over Rotorcraft and may hear and decide Defendant/Third-Party Plaintiffs Bristow's and Air Logistics claims against Rotorcraft pursuant to 28 U.S.C. § 1367(a), and without regard to the exclusionary provisions of 28 U.S.C. § 1367(b) as Defendant/Third-Party Plaintiff OCC is not a "plaintiff" within the meaning of 28 U.S.C. § 1367(b).

## Facts

8.  Bristow and Air Logistics have been named defendants in the above-entitled and numbered action brought by Susan Durkin Laugelle, wherein plaintiff alleges that on or about December 11, 2008, plaintiff's Decedent, Joseph Laugelle, Jr., was killed in connection with the crash of Rotorcraft's Bell 206L-4 Helicopter en route from Sabine Pass, Texas to an off-shore oil rig in the Gulf of Mexico. More particularly, plaintiff alleges that Decedent was the pilot of the Helicopter and that wear and deterioration of the engine and its components caused the engine to lose power, causing the crash into the Gulf of Mexico.

9.  Bristow and Air Logistics have also been named as defendants by Susan Durkin Laugelle in an action brought in the District of Jefferson County, Texas, 60th Judicial District, Cause No. B188-949, in which plaintiff alleges the same or similar allegations as stated above concerning the death of Joseph Laugelle, Jr.

10. Upon information and belief, Joseph Laugelle, Jr. was an employee or personnel of Rotorcraft.

## Count I -- Breach of Contract

11. On or about August 30, 2008, Rotorcraft and Air Logistics entered into a "Transition Services Agreement", which provides that Rotorcraft will defend and indemnify Air Logistics and Bristow from and against plaintiff's claims and lawsuits.

12. Section 5.02 of the Transition Services Agreement states that Rotorcraft ". . . shall be responsible for and hold harmless and indemnify the Operator [Air Logistics] from and against all claims, demands and causes of action of every kind and character arising in connection herewith brought by or on behalf of any employee or personnel of the Buyer [Rotorcraft], on account of bodily injury, death, or damage to property."

13. Section 5.03(a) of the Transition Services Agreement defines the phrase "be responsible for and hold harmless and indemnify" as set out in Section 5.02 to mean ". . . that the indemnifying party shall release, indemnify and hold harmless and defend (including payment of reasonable attorney's fees and costs of litigation) the indemnified person (as hereinafter defined) from and against any and all claims, demands, causes of action, damages, judgments and awards of any kind or character, without limit and without regard to the cause or causes thereof, strict liability, tort, breach of contract, or the negligence of any person or persons, including that of the Indemnified Person, whether such negligence be sole, joint or concurrent, active, passive or gross, or any other theory of legal liability."

14. Section 5.03(b) of the Transition Services Agreement defines "Indemnified Person": "An indemnifying party's obligations contained in this Agreement shall extend to the indemnified party and its affiliates and the officers, directors, employees, agent, owners, shareholders and insurers of each (each an "Indemnified Person")."

15.     The claims asserted herein by Plaintiff against Bristow and Air Logistics fall within the terms and conditions of the defense and indemnity provision of the Transition Services Agreement.

16.     Despite amicable demand, Rotorcraft has failed to honor its contractual obligations to Bristow and Air Logistics.

17.     Under the Transition Services Agreement, Bristow and Air Logistics are entitled to full defense and indemnity from Rotorcraft for these claims asserted by plaintiff herein.

18.     Section 6.02(b) of the Transition Services Agreement requires Rotorcraft to maintain Commercial General Liability Insurance for the benefit of Rotorcraft and Bristow and Air Logistics.

19.     Section 6.02(d) of the Transition Services Agreement requires Rotorcraft to maintain Aircraft Liability, Bodily Injury, and Property Insurance for the benefit of Rotorcraft and Bristow and Air Logistics.

20.     Section 6.03(c)(1) of the Transition Services Agreement requires Rotorcraft to name the "Indemnified Persons" [Bristow and Air Logistics] on the above insurance policies " ... as additional insureds to the extent of the liabilities assumed by indemnifying party under this Agreement."

21.     Section 6.03(c)(2) of the Transition Services Agreement requires Rotorcraft to include a provision in the insurance policies with respect to additional insureds "that no other insurance carried by Indemnified Persons will be considered as contributory insurance for any loss."

22.     Section 6.03(c)(3) of the Transition Services Agreement requires Rotorcraft to include "[a] cross liability or severability of interest clause which has the effect of insuring that each insured (including additional insureds) is covered as a separate insured."

23.     Bristow and Air Logistics have called upon Rotorcraft to provide insurance coverage to Bristow and Air Logistics and for the insurers of Rotorcraft to defend and indemnify Bristow and Air Logistics from the claims asserted by plaintiff.

24.     Rotorcraft failed to name Bristow and Air Logistics as additional insureds on its policies of Commercial General Liability Insurance and Aircraft Liability, Bodily Injury, and Property Insurance, as required by the Transition Services Agreement.

25.     By failing to name Bristow and Air Logistics as additional insureds on its policies of Commercial General Liability Insurance and Aircraft Liability, Bodily Injury, and Property Insurance as required by the Transition Services Agreement, Rotorcraft is in breach of the Transition Services Agreement.

WHEREFORE Bristow and Air Logistics are entitled to recover all damages that flow from Rotorcraft's breach of contract, including full defense and indemnity as well as recovery of its attorney's fees.  In the alternative, and to the extent that Third-Party plaintiffs might be held responsible for a judgment entered against them for damages sustained by plaintiff, which are denied, then Third-Party plaintiffs are entitled to contribution from Third-Party defendant, Rotorcraft.

## Count II -- Negligence

26.     Bristow and Air Logistics incorporate by reference the averments stated in paragraphs 1 through 24, *supra*, as if fully restated herein.

27.     Rotorcraft was negligent in failing to properly maintain and operate the Bell 206L-4 Helicopter, and negligent in failing to follow its procedures and initiating rescue efforts.

28.     Any and all fault that may be found on the part of Bristow and Air Logistics, for which liability is specifically denied, was secondary or passive to the negligence or fault of Rotorcraft and any negligence or fault that may be found against Bristow and Air Logistics was not a proximate cause of the accident.

WHEREFORE Bristow and Air Logistics are entitled to an apportionment of liability pursuant to 10 Del. C. ch. 63 and contribution and/or indemnification from Rotorcraft plus attorneys' fees and costs and all other relief to which Third-Party plaintiffs may be entitled, and in the further alternative for contribution from Rotorcraft for any sums which Bristow and Air Logistics may be cast, and in the further alternative, for damages sustained by Third-Party plaintiffs as a result of Rotorcraft's failure to name Bristow and Air Logistics as additional insureds on its policies of insurance as required by the Transition Services Agreement.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

  _/s/Joseph Scott Shannon_
Joseph Scott Shannon, Esquire (#3434)
Art C. Aranilla, Esquire (#4516)
Melissa E. Cargnino (#4527)
1220 North Market Street, 5th Floor
P.O. Box 8888
Wilmington, DE 19899 – 8888
tel.: 302.552.4329
fax.: 302.651.7905
email: jsshannon@mdwcg.com

*Counsel for Defendant/ Third-Party Plaintiffs Air Logistics, LLC and The Bristow Group, Inc.*

Dated: June 27, 2011
15/1183072.v1