IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSAN DURKIN LAUGELLE, Individually<br>And as Personal Representative of the Estate<br>Of Joseph Laugelle, Jr. Deceased, and SUSAN<br>DURKIN LAGUELLE, as Next Friend of Anna<br>Grace Laugelle, and Margaret Grace Laugelle<br><br>                Plaintiff,<br><br>      v.<br><br>BELL HELICOPTER TEXTRON, INC. *et al.*<br><br>                Defendants. | Civ. A. No. 10-1080 (GMS) |

## MEMORANDUM

### I. INTRODUCTION

On December 7, 2010, the plaintiff Susan Laugelle ("Laugelle"), filed this suit based on the Delaware Wrongful Death and Survival claims, and other violations of state law, in the Superior Court of the State of Delaware in and for New Castle County.[1] One of the defendants, Bell Helicopter Textron Canada Limited ("Bell Canada"), removed the case on December 10, 2010. Laugelle asserts that this removal was improper, and that the court lacks jurisdiction over this matter. Presently before the court is Laugelle's Motion to Remand.

### II. BACKGROUND

This lawsuit arises out of the crash of a Bell 206L-4 helicopter off the coast of Sabine Pass, Texas on December 11, 2008. All aboard the aircraft were killed, including the decedent, Joseph Laugelle Jr. On December 7, 2010 Laugelle filed this action alleging violations and

---

[1] That case was captioned *Laugelle,* et al. *v. Bell Helicopter Textron, Inc.,* et al., No. N10C-12-054.

1

breaches of: the Delaware Wrongful Death and Survival acts; state negligence and strict liability laws; express and implied warranties; and product liability laws against the manufacturers of the helicopter, its engines and components, and entities that performed its maintenance. (D.I. 1, Ex. A.) On December 10, 2010, before the state court had issued the summonses—required for proper service under the Delaware Rules of Civil Procedure—Bell Canada filed a Notice of Removal in the United States District Court for the District of Delaware.[2] (D.I. 37 at 3.) All twelve defendants were properly joined and served by December 16, 2010, and Laugelle is presently seeking waivers of service under Fed. R. Civ. P. 4(d). (*Id.*)

Twelve of the named defendants reside in this forum and have been properly joined and served, including two affiliates of Bell Canada: Bell Helicopter Textron Inc. and Textron Inc.[3] Bell Canada, however, is a foreign corporate entity, incorporated under the laws of Canada, with its principal place of business in Quebec.

## III. STANDARD OF REVIEW

Bell Canada, as the party advocating removal, bears the burden of demonstrating that removal was proper. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3D Cir. 2004); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The Third Circuit has stated that "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting "Congressional purpose to restrict the jurisdiction of the

---

[2] Bell Canada subsequently filed a notice of Filing of Removal in the Superior Court action on December 13, 2010. (D.I. 42 at 1.)
[3] All twelve defendants are: (1) Bell Helicopter Textron Inc.; (2) Textron Inc.; (3) Rolls-Royce Corporation; (4) Rolls Royce North America, Inc.; (5) Honeywell International Inc.; (6) Honeywell Aerospace, a Group of Honeywell International Inc.; (7) Honeywell Aerospace, Engines, Systems & Services; (8) Honeywell Engine Control Systems, a Division of Honeywell Aerospace, Engines, Systems &Services; (9) The Bendix Corporation; (9) AlliedSignal, Inc.; (10) Eaton Corporation; (11) Eaton
Aerospace Fuel Systems; and (12) The Bristow Group Inc.

federal courts on removal" and "calling for the strict construction" of removal statutes.) Furthermore, if "there is any doubt as to the propriety of removal, [the] case should not be removed to federal court." *Brown v. Francis,* 75 F.3d 860, 865 (3d Cir. 1996).

## IV. DISCUSSION

### a. Diversity Jurisdiction

Generally, an action may be removed if it could have been originally filed in federal court. 28 U.S.C. § 1441(a) (2011). When removal is predicated on diversity jurisdiction, there must be complete diversity and the jurisdictional amount must be satisfied. In addition to these prerequisites, an action removed on the basis of diversity jurisdiction must satisfy the additional requirements of the forum defendant rule.

The forum defendant rule comes from the language of 28 U.S.C. §1441, the removal statute. Section (b) of that statute states:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(b) (emphasis added). Relevant to the analysis here is the second sentence, which applies to cases where a federal question is not asserted as the basis for subject matter jurisdiction. In those cases, the forum defendant rule provides that when one or more of the "properly joined and served" defendants is a forum defendant—that is, a citizen of the state in which the state court action is brought—the case may not be removed. *Hurley v. Motor*

3

*Coach Industries, Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). Here, however, Bell Canada removed the case before any of the forum defendants had been served. Thus, it argues that removal was proper. Laguelle contends that Bell Canada's interpretation of the statute cannot stand because no defendant could have been properly served under Delaware law at the time of removal. Furthermore, Laguelle contends that Bell Canada's reading undermines the purpose of the forum defendant rule, and therefore should not be adopted. The court agrees.

"Many courts explain that the [forum defendant] rule reflects the belief that the purpose for diversity jurisdiction, namely the potential that a local court and local jury may be prejudiced against an out-of-state defendant, is not necessary when the defendant is a resident of the forum state." "Removal Prior to Service: A New Wrinkle or a Dead End?" 75 *Defense Counsel Journal* 177, 178 (Apr. 2008) (citing *DeAngelo-Shuato v. Organon USA Inc.* 2007 WL 4365311 at *3 (D.N.J. Dec. 12, 2007)). In order to further the goals of this policy, it makes no difference when the forum defendant is joined: so long as there is a forum defendant, there is no concern that the state court or jury will be biased against the defendant.

Here, it is undisputed that there are forum defendants. What is disputed is the meaning of the term "properly joined and served as defendants."[4] Most courts agree that the language of this rule acknowledges the potential for gamesmanship by a plaintiff who may join "as a defendant, a resident party against whom it does not intend to proceed, and whom it does not even serve," in an effort to block removal by an out-of-state defendant. *Id.* (quoting *Holmstrom v. Harad*, 2005 U.S. Dist. LEXIS 16694, at *6 (N.D. Ill. Aug. 11, 2005)).

---

[4] Unfortunately, there is no legislative history on this issue. *See Sullivan v. Novartis Pharms. Corp.*, 575 F.Supp.2d 640, 644 (D.N.J. 2008) (noting that the court thoroughly searched for legislative history and was "able to locate neither a specific statement from Congress nor from the advisory Committee on Revision of the Judicial Code . . . regarding the addition of the 'properly joined and served' language").

4

Laugelle argues that Bell Canada's interpretation of the removal statute encourages defendants to "race to the courthouse," thereby contradicting the purpose of the rule and allowing defendants in states with a built-in time lag for proper service to have unfettered access to the federal courts. Furthermore, Laugelle points out that Bell Canada's reading of the statute would promote inequitable application of the removal statute across the country due to the varying rules on in-state service, and would wreak havoc in many jurisdictions where immediate service is improper, including Delaware.[5] This argument is persuasive. Indeed, the Supreme Court has stated, "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 104, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). An interpretation of §1441(b) that allows for a non-forum defendant to remove before forum defendants are served would foster non-uniform application of the federal rules.[6]

Other district courts that have considered this issue have concluded that Congress could not have intended removability to hinge on the timing of service. *See, e.g., Oxendine v. Merck & Co. Inc.,* 236 F.Supp.2d 517, 526 (D. Md. 2002) ("[R]emovability can not rationally turn on the timing or sequence of service of process"). This conclusion makes particular sense today given the shift to electronic docketing and the increased potential for gamesmanship by savvy

---

[5] Delaware rules of civil procedure do not permit service of a praecipe and complaint until the court issues a summons to be served upon the defendant by the sheriff, or private process server with court permission. Del R.C.P. 4.

[6] As noted above, Delaware rules require the sheriff to serve a defendant, only after the court issues a summons. In New Jersey, litigants are not permitted to serve an already-filed complaint upon a defendant until a Track Assignment Notice is issued by the court clerk, which has ten days to do so. *Ethington v. General Electric Co.,* 575 F.Supp.2d 855, 857 (N.D. Ohio Aug. 13, 2008); N.J.R.C.P. 4:5A-2.
Pennsylvania requires that original service of process in 66 of its 67 counties be made only by the county sheriff in all but the most limited circumstances, and the sheriff has thirty days to effectuate service. Pa.R.C.P. 400(a). However, in states like Missouri and West Virginia, a complaint may be served much sooner given the lack of any governmental involvement in the service process. *See* Mo. Rule 54.01(a), Mo. Rule 54.13(a); WV RCP 4(b), WV RCP 4(c)(2).

5

defendants who may monitor State Court dockets. *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 734-35 (N.D. Ill. 2007). Indeed, in a 2007 opinion, Judge Chesler made exactly this point when he stated that "blindly applying the plain 'properly joined and served' language of § 1441(b) . . . eviscerate[s] the purpose of the forum defendant rule" and "creates an opportunity for gamesmanship by the defendants, which could not have been the intent of the legislature in drafting the 'properly joined and served' language." *Fields v. Organon USA Inc.*, 2007 WL 4365312 at *4 (D.N.J. Dec. 12, 2007).

The court also notes that a plaintiff's choice of forum is given deference. "Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F.Supp.2d 565, 567-68 (D.Del. 2001). The deference afforded plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 562 (D.Del. 1998); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, Civ. No. 01-199, 2001 WL 1617186, at *2 (D.Del. Nov. 28, 2001); *Padcom, Inc. v. NetMotion Wireless, Inc.*, Civ. No. 03-983-SLR, 2004 WL 1192641, at *7 (D.Del. May 24, 2004).

Given the Third Circuit's clear preference for remand as articulated in *Steel Valley* and *Brown*, and considering the purpose of the forum defendant rule and the deference afforded to the plaintiff's choice of forum, the court finds that removal under §1441(b) was improper.

### b. Federal Question Jurisdiction

Alternatively, Bell Canada argues that regardless of the forum defendant rule, removal was proper because there is federal question jurisdiction. Section 1441(b) states, "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to

6

the citizenship or residence of the parties." 28 U.S.C. § 1441(b) (2011). Bell Canada claims that Federal Aviation Administration ("FAA") regulations preempt state law, and since Laugelle alleges that the defendants knew of defects in the helicopter and failed to notify the FAA, federal question jurisdiction exists. Laugelle contends that the asserted claims are no more than "garden variety" state law claims of the type that have been litigated in state courts for decades, and that state aviation tort law has not been preempted. *See Bennett v. Southwest Airlines Co.*, 484 F.3d 907 (7th Cir. 2007) ("For decades, aviation suits have been litigated in state court.") The court agrees.

Federal question jurisdiction exists "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal] laws or the Constitution." *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908). A claim is based on federal law when (1) federal law creates the cause of action, or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. Of the State of Cal. V. Const. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). The "complete preemption doctrine" creates an exception for federal question jurisdiction. The Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they "completely pre-empt" an area of state law. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). "Thus, even if the claim is pled in state court as based solely on state law, it may nonetheless be removable to federal court if the claim is in essence a federal claim due to the preemptive reach of federal law touching on the topic of the state law claim." *Webb v. Estate of Cleary*, 2008 WL 5381225 at *3 (N.D. Ill. 2006).

Here, Laugelle's claims do not arise under disputed and substantial questions of federal law. To the contrary, the complaint alleges violations of state negligence, warranty, and product

7

liability laws. Furthermore, Bell Canada's argument that Laugelle's reference to the FAA in the Complaint creates preemptive federal jurisdiction is unavailing. "Regardless whether the FAA implicitly preempts state law in the area of aviation safety such preemption can *only be raised as a defense and is insufficient to confer federal question jurisdiction*". XL Specialty Co., 2006 WL 2054386 at * 2 (emphasis added).[7]

## V.  CONCLUSION

For the reasons stated above, the court will grant Laugell's motion to remand.

Dated: February 2, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[7] In fact, Congress specifically considered—and rejected—a federal regime of aviation tort liability proposed in legislation titled General Aviation Accident Liability Standards Act of 1989. S. REP. NO. 101-303, 101st Cong., 2d Sess. 1990. In refusing to support this bill, Congress expressed concern that displacing the current state law regime with a national system violated Constitutional principles of federalism:

> The general aviation industry is one of many industries that are subject to limited Federal safety controls. Further these minimal Federal safety standards should not be used to negate the responsibility that this industry has to the American public for maintaining safety in its products. *The creation of national product liability standards for the general aviation industry is contrary to historical precedent and would establish a dangerous standard to follow.* Unlike the areas of patent or admiralty law, there is no special historical or constitutional precedent that would support national standards for aviation law. Further, our nation was founded upon the fundamental principle of federalism.
> 
> …
> *The establishment of a national tort compensation scheme was never intended by the framers of the Constitution.* History teaches that a long line of common law, generally descended from old English law, has developed in the individual States. To the extend that differences exist between the various tort compensation schemes found in each of the States, these schemes should be an issue of pride and a tower of strength for the U.S. legal system. A homogenized legal system would not take into account the cultural and historical foundations in each of the states. *The step toward a unified system of tort compensation, as suggested by this bill, is a dangerous precedent that might upset the delicate balance of power that has been established over centuries between the Federal Government and the several states. Thus, the enactment of this legislation would violate fundamental principles upon which this Nation was founded, and therefore would create unwise legislative precedent.*
> 
> …
> *If the Federal Government steps into this area of traditionally State tort law, balances established on the State and local level may be severely disrupted.*
> S. REP. NO. 101-303, 101st Cong., 2d Sess. 1990 (emphasis added).

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUSAN DURKIN LAUGELLE, Individually And as Personal Representative of the Estate Of Joseph Laugelle, Jr. Deceased, and SUSAN DURKIN LAGUELLE, as Next Friend of Anna Grace Laugelle, and Margaret Grace Laugelle<br><br>Plaintiff,<br><br>v.<br><br>BELL HELICOPTER TEXTRON, INC. *et al.*<br><br>Defendants. | Civ. A. No. 10-1080 (GMS) |

## ORDER

For the reasons stated in the accompanying memorandum of the same date, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Remand to State Court (D.I. 36) is GRANTED and this matter is remanded to the Superior Court of the State of Delaware in and for New Castle County;

2. the defendant Bell Helicopter Textron Inc.'s Motion to Transfer (D.I. 55) is DISMISSED as moot[1]; and

3. the defendant H-S Tool & Parts Inc.'s Motion to Dismiss for lack of personal jurisdiction is DISMISSED as moot[2].

Dated: February 2, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Since this lawsuit was improperly removed and the court therefore lacks jurisdiction over it, the court declines to decide this motion to transfer that was filed after the motion to remand.

[2] *See* footnote 1.